By the Court.—Sedgwick, Ch. J.
The cases seem to show that in an action to recover the part of the premises that the complaint alleges were in the posseession of the appellant Levinus, it was proper to join the other defendants. There is enough to show that, as alleged, they were all jointly in possession, denying the plaintiff’s alleged right in a manner that gave her an action, if she had title as tenant in common. As the complaint would show a cause of action against the appellant for some part of the land, the demurrer was properly overruled as to the ground that stated that no cause was shown,
As to the point that the complaint does not describe with common certainty under § 1511, Code Civ. Pro., the part of the premises that the complaint seeks to recover from the appellant, my opinion is that it is not ground for demurrer. The land of which, in part, the appellant is in possession, is definitely described, but there is indefiniteness of that part. The complaint may be indefinite and uncertain, but the remedy is a motion to make it more definite and certain by amendment. I do not express any opinion as to whether or not, in this particular case, such a motion should be granted.
The other ground of demurrer is, that causes of action have been improperly united in this, that an alleged cause of action against the defendant to recover a portion of the property, is united with an alleged cause of action against the other defendants to recover another portion of the property, with which the present defendant has no connection.
*164 The demurrer admits the facts stated in the complaint. It alleges that the other defendants are in possession of the whole of the land described in the complaint. For the purpose of this appeal, it will be considered that the allegations are sufficient under § 1502, that cLeclares that if the property is actually occupied, the occupant thereof must be made defendant. It also alleges that the present defendant is in possession of part of the property under the other defendants. There is no statement of the exact interest in the property that the present defendant claims. On the face of the complaint, the fact is as to the other defendants that they have a single unbroken possession of the whole as one parcel of land. There is no room for saying, that the complaint alleges that they hold one part by itself and another part by itself. If they do, in fact, that can be alleged by answer, and then the appropriate consequences will follow. Nor does it appear on the complaint that the present defendant individually holds a separate occupation of a part. According to the complaint he has a joint occupation of part with the other defendants. The complaint in substance avers that the other defendants are in occupation of the whole, and the defendant is in possession with them of a part. If the appellant’s position is correct, the plaintiff would be driven to an action against the appellant alone, and then another action against the other defendants. She ought to have an action against them jointly, it would be admitted at least as to the part occupied by the appellant, but when a subsequent action should be brought for the other part against the other defendants, it would be a serious question, as to whether under the rule against splitting a cause of action, it should not be held that the second alleged cause of action had been merged in the judgment first obtained.
It will be noticed that this is not the case of an owner being in occupation of a part of a single parcel of land, and his tenant being in possession of the other part, the landlord having parted with the occupation to him. By the complaint the owner has not left the occupation of any *165 part. I therefore think, that this is not a case for the application of rules that are to be applied to several pieces of land held separately.
Viewing the cause of action as containing a charge of fort against the defendants, it may be considered that the actual tort, as to the whole land, is participated in by the present defendants’ joint action as to a part.
In my opinion section 447 applies to the case of the appellant asa party who claims an interest in the controversy adverse to the plaintiff.
The last ground of demurrer is therefore invalid.
Judgment affirmed, with costs.
Truax and O’Gorman, JJ., concur.